**STATE of Missouri, Respondent,**

**v.**

**Arthur Lee HAISLIP, Appellant.**

**No. 51724.**

Supreme Court of Missouri, Division No. 1.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Edward L. Downs, Sp. Asst. Atty. Gen., Cape Girardeau, Mo., for respondent.

Hugh C. Roberts, Jr., St. Louis, for appellant.

HOLMAN, Presiding Judge.

Defendant was charged with the offense of robbery in the first degree by means of a dangerous and deadly weapon. See §§ 560.120 and 560.135 (statutory references are to RSMo 1959, V.A.M.S.). The information also charged two prior felony convictions under the provisions of § 556.-280. In accordance with the provisions of S.Ct. Rule 26.01(b), V.A.M.R., defendant waived a jury and the trial was had before the court. The court found defendant guilty and his punishment was fixed at imprisonment in the penitentiary for a term of five years. He has appealed from the judgment.

The weapon defendant was charged with using in the robbery was a table leg. Upon this appeal the sole point relied on by defendant is stated in the brief as follows: "The court erred in overruling appellant's objection to the admission of State's Exhibit 1, which is the wooden table leg, for the reason that the record is devoid of testimony connecting it to the crime charged against the appellant. Without the admission of the table leg into evidence, the State's case of robbery first degree by means of a dangerous and deadly weapon fails as it is the specific and exclusive 'dangerous and deadly weapon' set forth in the indictment."

Defendant was charged with having taken $57.80 from Milton Lasley, the money of Lasley's employer, Walter J. Cantrell. The evidence in the case was not extensive and we have concluded that a brief statement of facts will suffice. Lasley testified that he was working nights at the Can-Sun Service Station which was owned by Mr. Cantrell; that he had known defendant as a customer of the station for about two months; that about one o'clock a.m. on December 30, 1964, defendant drove his car into the station and purchased gas; that he also put some hub caps on

the car and defendant then left the station; that about 3 a.m., he was in the back room of the station putting away some empty soda bottles when he was "bashed" on the head; that when he regained consciousness a voice (later identified as that of defendant) said, "Don't move or I'll shoot you." "He marched me over to the desk" and "told me not to look at him but to hand over the money"; that he did look at his assailant and saw that it was defendant, and then gave him all of the money he had on him, including the "changer"; that defendant still had the club in one hand and "had his hand in his pocket. I can't swear he had a gun but I think it was." He stated that defendant then left the station after telling him not to watch where he went or to follow him.

Mr. Lasley further testified that at that time he was still "dazed" from the blow on his head; that he staggered out to look for a policeman and fell on the sidewalk where he was later found by a young man who gave him assistance; that he gave the police information concerning the robbery and was then taken to the hospital for treatment of the head wound and remained there for three or four days.

Defendant was arrested on December 31 and was later identified by Lasley in a line-up at the police station. He was also identified at the trial as the person who struck Lasley with the table leg and took from him the money heretofore mentioned. Lasley also testified that the table leg used by defendant was kept in the service station for protection of employees; that defendant dropped it at the door as he left the service station and that he turned it over to the police. It was admitted in evidence over the objection of the defendant.

Two police officers testified that after defendant was arrested he told them he did not remember where he was after one o'clock a.m. on December 30, because he was drinking heavily.

The defendant testified that he was at the apartment of his niece, Gerry Wiseman,

from 3 to 5 a.m. on December 30, except that he left for a period of about 20 minutes to get a couple of bottles of soda. He denied having committed the robbery.

Both Gerry Wiseman and her husband Carl testified that defendant came to their home at about 2 a.m. on December 30 and remained there until 5 a.m., except that he left for about 20 minutes to get some soda.

 It is provided in S.Ct. Rule 26.01 (b) that the findings of the court "shall have the force and effect of the verdict of a jury." We therefore review this case in the same manner as though a verdict of guilty had been returned by a jury, and hence, if there was substantial evidence to support the finding, it should be affirmed.

The contention of defendant that there was not sufficient evidence to support a conviction is conditioned upon the fact that the court erred in admitting the table leg in evidence. He concedes in his brief that "a table leg can be a dangerous and deadly weapon." There is no question but that the table leg was properly identified. Witness Lasley identified the exhibit in court as the table leg defendant had in his hand at the time of the robbery. Defendant's real contention is that the table leg was not shown to have been used in actually obtaining the money. In other words, he says the money was surrendered by reason of a threat to shoot Lasley and not because of a threat to use the club.

 We do not agree with defendant's contention. Lasley was knocked unconscious when the table leg was used to administer a very forceful blow on his head. He was dazed and substantially incapacitated by reason thereof throughout the entire occurrence. When he obeyed the command to surrender the money defendant still had the table leg in his hand. That evidence was sufficient to support a finding that the money was taken by violence to Lasley's person and by putting him in fear of further immediate injury to his person by means of the table leg. While there was evidence

that defendant threatened to shoot Lasley, which threat may have engendered additional fear, no gun was ever displayed, and, in any event, that threat would not destroy the effect of defendant's use of the table leg.

We accordingly rule that the finding of guilt was supported by substantial evidence.

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All concur.