**STATE of Missouri, Respondent,**

v.

**Norman Eugene CLARK, Appellant.**

**No. 53339.**

Supreme Court of Missouri, Division No. 2.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, W. Scott Pollard, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Davis & Hannegan, Ervin D. Davis, St. Charles, for appellant.

STOCKARD, Commissioner.

Defendant was charged with burglary and with stealing during the commission of the burglary. § 560.110 (statutory references are to RSMo 1959, V.A.M.S.). The information also charged a prior felony conviction. Under the provisions of Supreme Court Rule 26.01(b), V.A.M.R., defendant waived a jury. The trial was had before the court who found the defendant guilty and fixed his punishment at imprisonment for a term of five years for burglary and five years for the stealing, the sentences to run concurrently. He has appealed from the judgment.

From the evidence offered by the state the court could have found the following facts. When Donald Schnick went to his place of business in St. Charles, Missouri on the morning of February 24, 1967, he found that a lock had been pried off of a shed in which used radiators and other automobile parts were stored, and that six to twelve radiators were missing. About ten or eleven o'clock that morning defendant sold six used radiators to Bob's Auto Parts which was located across the river from St. Charles. Five of these six radiators were identified by Mr. Schnick as having been taken from his place of business.

Defendant testified that on the evening of February 23, 1967, he attended a party with Frank Moore, and that he went home about midnight where he remained. About 9:15 o'clock the next morning while he was driving on Elm Point Road he saw some automobile radiators approximately four or five feet from the ditch on the side of the road. He placed them in the trunk of his automobile, and later that morning he sold them to Bob's Auto Parts for $18. That afternoon he learned that the police were looking for him and he went to the police station. Frank Moore corroborated defendant's testimony as to where he was until midnight of February 23, and defendant's mother corroborated his testimony that he was home from midnight until nine o'clock of the morning of February 24.

Defendant's only contention on this appeal is that the trial court erred in finding him guilty because the "finding of guilty is against the weight of the evidence in that

defendant was found guilty solely upon the inference of guilt arising out of recent possession of the stolen radiators, notwithstanding that defendant explained his possession of said radiators, which explanation was reasonable and not controverted in any manner by the State of Missouri."

"It has long been the rule that an inference of guilt is permissible from the possession of property recently stolen in a burglary, and the inference exists both as to the burglary and the stealing. * * * However, to authorize the inference of guilt, the defendant's possession of the stolen property should not be too remote in point of time from the crime, and it should be a personal possession, exclusive, distinct and conscious, and unexplained." State v. Durham, Mo., 367 S.W.2d 619, certiorari denied 375 U.S. 861, 84 S.Ct. 130, 11 L. Ed.2d 89. Defendant contends that he gave a reasonable explanation of his possession of the recently stolen radiators, that his explanation was not disputed by the State's evidence, and therefore the inference which otherwise would be permissible is not permissible in this case, and for that reason the evidence did not sustain a finding of guilty of burglary and stealing in connection with the burglary.

The term "unexplained" as used in reference to the recent exclusive possession of stolen property is in some respects misleading. There is no question but that in one sense defendant "explained" his possession of the radiators, but this does not mean that the trier of the facts, in this case the court, was required to believe that explanation. Of course, if the trier of facts did not believe the explanation, the possession was in fact not explained, at least as far as the trier of facts was concerned. The contention now presented by defendant has been advanced in other cases. In State v. Denison, 352 Mo. 572, 178 S.W.2d 449, it was said: "[I]t seems to be appellant's theory that if he presents an explanation [of his possession] then the jury cannot draw an unfavorable inference

from his possession, whether they believe his explanation or not. But this is not the law. If it were, the rule of evidence under discussion would be useless. In almost every such case some explanation is offered by the accused. The doctrine in this State and elsewhere is that the credibility of the explanation is a question of fact for the jury [or the court in a jury waived case]; and if the jury [or court] disbelieves it the case stands with his possession unexplained." See also State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327, 329; State v. Durham, supra; State v. Kennedy, Mo., 396 S.W.2d 595, 598.

Defendant would have us change the above rule by declaring that the term "unexplained" means "no reasonable explanation given" or "no explanation given which would raise doubt to the truth thereof in a reasonable man." We decline to adopt defendant's construction of the rule. If the trier of the fact does not believe the explanation of the defendant, the possession is unexplained, and the inference from unexplained recent, exclusive and conscious possession is permissible. If the trier of fact considers the possession not to be explained, and takes into consideration the permissible inference, it still must find the defendant guilty beyond a reasonable doubt. A jury would necessarily be so instructed, and when the trial is before the court, as in this case, we must assume that the trial court adhered to this basic principle in arriving at its finding of guilt.

We have considered whether some qualifying statement should be made in the general statement of the rule. We recognize that in one sense the word "unexplained" is not precisely correct. However, any qualifying statement would be as detailed, or substantially so, as the discussion herein. We conclude that this and the other cited cases afford the necessary explanation of the statement of the general rule.

Supreme Court Rule 26.01(b), V.A.M.R., provides that the findings of the court in a jury waived case "shall have the

force and effect of the verdict of a jury." We therefore review this case in the same manner as though a verdict of guilty had been returned by a jury, and if there is substantial evidence to support the finding, it should be affirmed. State v. Haislip, Mo., 411 S.W.2d 81, 83. When so reviewed, the exclusive and conscious possession of property recently stolen in connection with a burglary, when defendant's explanation of such possession is disbelieved by the trier of fact, as it obviously was in this case, affords substantial evidence to support the verdict in a jury tried case, or the finding of guilty by the court in a jury waived case. State v. Kennedy, Mo., 396 S.W.2d 595; State v. Dennison, 352 Mo. 572, 178 S.W.2d 449; State v. Durham, supra; State v. Webb, Mo., 382 S.W.2d 601.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.