**STATE of Missouri, Plaintiff-Respondent,**

v.

**Fielder Allen GREY, Defendant-Appellant.**

No. 9824.

Missouri Court of Appeals,
Springfield District.

June 23, 1975.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Scott B. Tinsley, Springfield, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant Fielder Allen Grey was found guilty of second degree burglary [§ 560.070, RSMo 1969, V.A.M.S.] and stealing [§ 560.-110, RSMo 1969, V.A.M.S.] by a Greene County jury which fixed his punishment at prison terms of eight and five years, respectively. Following an unsuccessful motion for new trial, defendant was granted allocution and formally sentenced. The judgment ordered the sentences be served concurrently. We affirm.

In his appeal the defendant seeks to raise four points for our review, to wit: (1) the insufficiency of the evidence to support the verdicts; (2) error in giving an instruction that voluntary intoxication is no excuse for the commission of a crime; (3) error in overruling his motion to suppress his in-court identification by witnesses because of suggestive identification procedures; (4) error in overruling his motion to suppress his statements to witnesses and officers because his intoxication rendered such statements involuntary.

In considering the defendant's challenge to the sufficiency of the evidence to support the convictions, we consider the evidence and favorable inferences to sustain the verdicts, ignoring contrary evidence and inferences. *State v. Kellick,* 521 S.W.2d 166 (Mo.App.1975).

Sometime between 8:15 p. m. and 11:15 p. m. on June 19, 1974, a mobile home housing the Best Buy Mobile Home Sales business in Springfield, Missouri, was burglarized. Items stolen included a desk calculator, a portable typewriter case, a citizen's band radio, a clock, a radio, cleaning articles, caulking material and cigarettes.

At about 11:15 p. m. Bruce Blaunt and two of his neighbors were in an alley at the rear of his home, located about two blocks from the burglarized building, looking for prowlers. Blaunt and one of the other men had flashlights, and a neighbor's house cast some light into the alley. The three men saw the defendant in the alley carrying "something" and confronted him. They asked the defendant what he had and where he was going. The defendant replied that he was leaving home because his wife had left him or he had caught her with another man and that he was carrying a suitcase with his clothes in it. The men saw the defendant was wearing a rubber glove on one of his hands and that the "suitcase" was a portable typewriter case. Blaunt ordered the defendant to place the case on the ground and open it up and told one of the men to call the police. The defendant dropped the typewriter case and started running down the alley. Blaunt and a companion gave pursuit, caught the

defendant and began struggling with him. The defendant managed to disengage himself from the grasp of his pursuers and again ran.

Ten minutes later a police officer summoned to the area apprehended the defendant a few blocks from the alley. The officer gave the defendant the Miranda warnings, placed him in a patrol car and drove the vehicle to the alley where another officer, Blaunt and Blaunt's companions were looking into the typewriter case. The articles stolen from the mobile home were in the case. Blaunt walked over to the patrol car, peered inside and, upon seeing the defendant, said: "They've got him already."

At the scene the defendant told the officers that Blaunt and his companions had stopped him in the alleyway and clubbed him and he wanted to charge them with felonious assault. He explained his possession of the stolen articles by telling the officers he was walking down the alley and found them in the trash. The officers could smell intoxicants on the defendant's breath, and Blaunt said "he either had some alcohol or something stronger than Pepsi" but the defendant "sure did run mighty fast to be drunk."

The defendant testified in his own behalf. He admitted a prior burglary conviction and admitted that he was in the alley at the time of the encounter with Blaunt and his companions. He said he had been drinking "quite heavily" at a girl friend's house for an hour or two and became "rather hostile" when she started showing affection for another man. He left his friend's house and started walking home because he was "quite drunk". He said he was walking along the alley when, by the aid of the bright moon, he saw the typewriter case near a trash barrel. Upon opening the case he saw the radio and "two-way set". He closed the case and was carrying it when he encountered Blaunt and his cohorts. He couldn't say for sure where he picked up the rubber glove and was attracted to it because it "was a very pretty color . . . a pale, pale yellow. . . ." He acknowledged that he made a statement to Mr. Blaunt about his clothes and then told the police a different story about finding the stolen articles.

We agree with the defendant's contention that the evidence upon which the jury reached its verdicts is circumstantial and that in such a situation the facts and circumstances relied upon must not only be consistent with each other and with the hypothesis of guilt but must also point clearly and satisfactorily to guilt as to exclude every reasonable hypothesis of innocence. *State v. Morse*, 503 S.W.2d 450 (Mo. App.1973). Likewise, we recognize that circumstantial evidence merely showing that the defendant had an opportunity to commit the theft charged and creating a suspicion of guilt, without more, is insufficient to make a submissible case. *State v. Walker*, 365 S.W.2d 597 (Mo.1963). Equally applicable is the rule that while circumstantial evidence must exclude every reasonable hypothesis of innocence it need not be conclusive and need not demonstrate an absolute impossibility of innocence. *State v. White*, 439 S.W.2d 752 (Mo.1969).

Here, the defendant does not quarrel with the sufficiency of the evidence to demonstrate that a burglary and theft in fact occurred. His complaint relates solely to whether the evidence sufficiently connected him with that crime to prove his criminal agency.

Evidence of a burglary and a recent unexplained possession of stolen property is sufficient to convict a defendant of both burglary and stealing. *State v. Robb*, 439 S.W.2d 510 (Mo.1969). And, a defendant's explanation of his possession of stolen property is a question for the jury, and if the trier of fact does not believe the explanation then the possession remains unexplained.

In *State v. Clark*, 438 S.W.2d 277 (Mo. 1969) the court said:

"There is no question but that in one sense defendant 'explained' his possession of the radiators, but this does not mean that the trier of the facts, in this case the court, was required to believe that explanation. Of course, if the trier of facts did not believe the explanation, the possession was in fact not explained, at least as far as the trier of facts was concerned. The contention now presented by defendant has been advanced in other cases. In *State v. Denison*, 352 Mo. 572, 178 S.W.2d 449, it was said: '[I]t seems to be appellant's theory that if he presents an explanation [of his possession] then the jury cannot draw an unfavorable inference from his possession, whether they believe his explanation or not. But this is not the law. If it were, the rule of evidence under discussion would be useless. In almost every such case some explanation is offered by the accused. The doctrine in this State and elsewhere is that the credibility of the explanation is a question of fact for the jury [or the court in a jury waived case]; and if the jury [or court] disbelieves it the case stands with his possession unexplained.'" 438 S.W.2d at 279 (citations omitted).

In the *Clark* case the burglary was discovered one morning, and the defendant testified he had attended a party until midnight the night before and had slept until 9:00 a. m. the morning of the burglary. He said he found the stolen property beside the road later in the morning and thereafter attempted to sell it. The court held that when Clark's explanation of his possession of the purloined articles was disbelieved there was substantial evidence to support his conviction. "[T]he exclusive and conscious possession of property recently stolen in connection with a burglary, when defendant's explanation of such possession is disbelieved by the trier of fact, as it obviously was in this case, affords substantial evidence to support the verdict in a jury tried case, or the finding of guilty by the court in a jury waived case." 438 S.W.2d at 280.

■ We hold there was substantial evidence to support defendant's convictions by the jury in the instant case.

■■ The defendant's point concerning the court's instruction on voluntary intoxication has not been properly preserved for our review. In his motion for new trial the defendant alleged "the court erred in giving Instructions No. 1 through 7, inclusive, and Instructions 10, 11, and 12." The instructions complained of is No. 7. No specific objection was levelled at No. 7 at the trial and, as demonstrated, the motion for new trial did not particularize the alleged error in giving this instruction. Rules 20.03 and 27.20(a), V.A.M.R.; *State v. Smith*, 451 S.W.2d 87 (Mo.1970). Nevertheless, we detect no error in the giving of No. 7. *State v. Maggitt*, 517 S.W.2d 105 (Mo. banc 1974).

■ Points 3 and 4, *supra*, are not for our consideration because the trial court's actions in overruling the two motions to suppress were not assigned as errors in defendant's motion for new trial. Rule 27.-20(a); *State v. Alderman*, 498 S.W.2d 69 (Mo.App.1973). Moreover, no objection was made at the trial to the in-court identification of the defendant by witness Blaunt. Further, the defendant admitted he was the individual carrying the case in the alley when confronted by Blaunt and his neighbors, and any possible error in identification testimony is cured when the defendant's own testimony removes the issue of identification for the trial. *State v. Bradford*, 462 S.W.2d 664 (Mo.1971). On the matter of alleged involuntariness of an intoxicated defendant's statements or confession, see *State v. Heather*, 498 S.W.2d 300 (Mo.App. 1973) and cases cited therein at 304–305. We also note that the defendant's statements in this case were all exculpatory and he testified that by the time he talked to the police he had settled down. "I was coherent. I wasn't just saying anything that came off the top of my head." Assuming the points had been properly preserved

for our review, we could find no merit in either.

The judgment is affirmed.

All concur.