**STATE of Missouri, Respondent,**

v.

**Michael CAPRARO, Appellant.**

No. SD 29472.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 10, 2009.

Nancy A. McKerrow, Columbia, for Appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Angela Hargrove is physically and mentally disabled. In mid–2007, she lived at Stockton Estates, a subsidized housing complex. Appellant moved in with her, contrary to her lease, and became irate when Ms. Hargrove was notified of this violation. He would curse and shout whenever he saw the complex manager, whose office adjoined Ms. Hargrove's apartment.

One October morning, an attendant found the manager's door kicked in and the office "completely cleaned out." Everything had been stolen, even the nails from the wall.[1] Police searched the com-

---

1. The attendant said at trial: "I thought it was going to be painted, that was my first

plex, including Ms. Hargrove's apartment, without success.

Appellant and Ms. Hargrove moved to a trailer park in December. In April, friends helping Ms. Hargrove noticed Stockton Estates' property in Appellant's bedroom. Officers were called to the trailer, where they discovered two file cabinets, an office chair, computer and fax equipment, apartment keys, and paperwork from Stockton Estates' office. They interviewed Appellant, who claimed he found the items in the trailer park dumpster. When asked about the Stockton Estates apartment keys found in his room, Appellant terminated the interview.

Appellant was charged with burglary[2] and stealing,[3] found guilty of both crimes, and sentenced as a persistent offender. His appeal challenges the sufficiency of the evidence on each charge.[4]

**Principles of Review**

Our review is limited to determining whether there was sufficient evidence from which a reasonable fact-finder could have found Defendant guilty beyond a reasonable doubt. *State v. Mitchell*, 203 S.W.3d 246, 249 (Mo.App.2006). We do not weigh evidence, determine witness credibility, or act as a "super juror" with veto power over the verdicts; but give great deference to the trier of fact. *Id.* We accept as true the evidence and reasonable inferences fa-

vorable to the verdicts and disregard those that are unfavorable.[5] *Id.*

■ It matters not, in these regards, that the evidence was solely circumstantial. *Id.*; *see also State v. Clark*, 272 S.W.3d 432, 438 (Mo.App.2008). Circumstantial and direct evidence are afforded the same weight. *Clark*, 272 S.W.3d at 438. So long as the evidence meets the minimal appellate standard for due process, we need not disturb the verdicts simply because they depended wholly upon circumstantial proof. *Id.* at 438–39.

**Analysis**

■ An inference of guilt is permissible, as to both burglary and stealing, from the unexplained possession of property recently stolen in a burglary. *State v. Brown*, 744 S.W.2d 809, 811 (Mo. banc 1988). Such evidence is sufficient to support a submission of both the burglary and stealing; the inference does not violate due process even if it is not bolstered by other evidence. *Id.*

■ Appellant primarily argues there was no evidence of his recent or exclusive possession of stolen items.[6] We disagree. Four days after the burglary, Appellant rented a storage unit that police found empty six months later. Ms. Hargrove's caretaker testified that, as early as January 2008, she used an office chair to move Ms. Hargrove because her wheelchair was cumbersome and would not fit through the

thought, that they were going to paint it, because literally everything was gone."

2. Count I alleged that Appellant "knowingly entered unlawfully in a building, located at Stockton Estates and possessed by Stockton Estates, for the purpose of committing stealing therein."

3. Count II alleged in part that Appellant "appropriated filing cabinets, fax/copier machine, an office chair, computer monitor and a cof-

fee can containing keys to Stockton Estates" without consent and with the purpose to deprive Stockton Estates thereof.

4. Appellant effectively condensed these points into one argument. Our analysis follows suit.

5. We have summarized the facts accordingly.

6. He also cites evidence arguably favorable to him, but which we must disregard. *Mitchell*, 203 S.W.3d at 249.

trailer's door frames. Appellant had given Ms. Hargrove that chair and a filing cabinet, saying they were from his wife's house, when they actually were items stolen in the burglary. The rest of the stolen property was found in Appellant's room, which Ms. Hargrove could not have entered without sliding out of her wheelchair and scooting along the floor to get through the door frame.

 "Recent" possession is case-specific and " 'may vary from a few days to many months.' " *Brown,* 744 S.W.2d at 811 (quoting *State v. Oliver,* 355 Mo. 173, 195 S.W.2d 484, 485 (1946)). Appellant concedes that "exclusive" may include joint possession if—as here—other evidence connects the accused with the crime. *See Oliver,* 195 S.W.2d at 486; *State v. Parsons,* 152 S.W.3d 898, 904 (Mo.App.2005). The prosecution showed that Appellant lived next door to the crime scene; that he was angry with Stockton Estates and may have burglarized its office, taking even the most trivial items, for spite more than financial gain; and that he told different stories to different people about the stolen items. Thus, the state did not rely exclusively on any single "inference," but established Defendant's motive, opportunity to commit the crime, and unexplained[7] possession of the stolen goods in a continuous chain of events. *Cf. State v. Arnold,* 566 S.W.2d 185, 189 (Mo. banc 1978)(similarly considering presence, opportunity, flight, and possession of stolen property).

Viewing the record as we must, there was sufficient evidence from which the jury could have found Defendant guilty beyond a reasonable doubt. *Mitchell,* 203 S.W.3d at 249. We affirm the judgment and convictions.

RAHMEYER, J., and LYNCH, P.J., concur.

---

7. This element is established by the jury's obvious rejection of Appellant's "dumpster" story. "If the trier of the fact does not believe the explanation of the defendant, the possession is unexplained, and the inference from unexplained recent, exclusive and conscious possession is permissible." *State v. Clark,* 438 S.W.2d 277, 279 (Mo.1969)(thus recognizing "that in one sense the word 'unexplained' is not precisely correct").