

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED103919 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Ellen L. Siwak |
| WILLIAM BOWEN, | ) | |
| | ) | |
| Appellant. | ) | Filed: January 24, 2017 |

## Introduction

William Bowen ("Appellant") appeals his conviction, following a jury trial, of the Class C felony of stealing, for which the Circuit Court of St. Louis County entered its judgment imposing a sentence of ten years' imprisonment. In his first point, Appellant argues that pursuant to the recent Missouri Supreme Court case *State v. Bazell,* 497 S.W.3d 263 (Mo. banc 2016), the trial court was without power to enhance his stealing offense to a felony. In his second point, Appellant asserts that there was insufficient evidence for the jury to find him guilty of stealing. We affirm in part, and reverse in part and remand.

**Factual Background**

Appellant was indicted for first-degree burglary and felony stealing over $500. The evidence at trial, viewed in the light most favorable to the verdict,[1] demonstrated that a wicker basket, television, VCR, PlayStation 3, Nintendo Wii, iPhone, Kindle, and multiple video games and DVDs were stolen from Victim's home in the early morning hours of January 2, 2015. That same morning, police officers, after being notified by Victim of the theft, used Victim's "Find my iPhone" account and tracked Victim's stolen iPhone to Appellant's home,[2] which was approximately a half mile from Victim's home. When police officers arrived at Appellant's home, around 7:30 a.m., they observed Appellant walking down the sidewalk holding Victim's wicker basket. The wicker basket contained the stolen VCR, a video game, and the Nintendo Wii. When confronted by the officers, Appellant claimed he found the items in a dumpster. The officers arrested Appellant, and obtained a warrant to search Appellant's home. While executing the warrant, officers found the missing Kindle hidden in the basement crawl space. Officers never found the iPhone, Playstation 3, or television.

After the close of evidence, the jury acquitted Appellant of burglary, but found him guilty of felony stealing over $500. The trial court sentenced Appellant to ten years' imprisonment.[3] This appeal follows.

**Discussion**

*Point I*

In Appellant's first point on appeal, he argues that the trial court plainly erred in entering judgment on his felony stealing conviction and sentencing him to ten years' imprisonment.

---

[1] *Williams v. State,* 386 S.W.3d 750, 754 (Mo. banc 2012).
[2] Appellant lived with his mother and her fiancé.
[3] Appellant was found to be a persistent offender because he pleaded guilty to second-degree burglary in both 1996 and 2003.

Appellant argues that, pursuant to *State v. Bazell,* 497 S.W.3d 263 (Mo. banc 2016), he could only have been convicted and sentenced for misdemeanor stealing, which carries a maximum sentence of one year in jail.

## Standard of Review

Appellant did not raise a *Bazell* issue with the trial court, and therefore his objection to the trial court's judgment and sentence is untimely and not preserved for appellate review. Accordingly, we will review his first point for only plain error, which requires a finding that manifest injustice or a miscarriage of justice resulted from the trial court's error. *See State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009). "Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *State v. Severe,* 307 S.W.3d 640, 642 (Mo. banc 2010).

## Analysis

In *State v. Bazell,* the appellant was convicted of various stealing offenses under Section 570.030,[4] including two convictions for stealing firearms. 497 S.W.3d at 265. His convictions for stealing firearms were enhanced to felonies pursuant to § 570.030.3(3)(d). On appeal, the Missouri Supreme Court reversed the appellant's convictions for stealing firearms because the Court concluded that the plain language of § 570.030.3 barred it from being used to enhance the appellant's stealing offenses. Section 570.030.3 reads as follows:

3. Notwithstanding any other provision of law, *any offense in which the value of property or services is an element is a class C felony if*:

> (1) The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars; or

---

[4] Statutory citations refer to RSMO Cum. Supp. 2012.

(2) The actor physically takes the property appropriated from the person of the victim; or

(3) The property appropriated consists of:

...

(d) Any firearms.

Section 570.030.3 (emphasis added).

The elements of stealing are set forth in § 570.030.1. A person commits the crime of stealing if he or she: (1) appropriates (2) property or services (3) of another (4) with the purpose to deprive him thereof (5) without his consent or by means of deceit or coercion. *Thurman v. State,* 263 S.W.3d 744, 752 (Mo. App. E.D. 2008). The Court explained that because "the value of the property or services" stolen is not an element of the crime of stealing, the sentencing enhancements of § 570.030.3 cannot be applied to stealing offenses charged under § 570.030. *Bazell,* 497 S.W.3d at 265. This is because the language in § 570.030.3 plainly states that it can only be applied to "an offense in which the value of property or services is an element." The Court noted that "[w]e cannot know why the legislature, in 2002, decided to amend section 570.030.3 to add the requirement that only offenses for which 'the value of property or services is an element' may be enhanced to a felony, but this is what the legislature clearly and unambiguously did." *Id.* at 266–67.

In the present case, Appellant argues that the *Bazell* decision is controlling because his stealing offense was enhanced to a felony pursuant to § 570.030.3(1) for stealing property valued more than $500. Appellant asserts that since the value of the property he stole was not an element of the crime he was convicted of, the trial court had no power to sentence him to a felony under the § 570.030.3 enhancements. The State argues that Appellant interprets the

4

*Bazell* decision overbroadly, and it seeks to distinguish *Bazell* from the present case by pointing out that in *Bazell,* the enhancement overturned by the Court was premised on the type of property stolen (handguns), rather than the monetary value of the property. The State asserts that *Bazell* does not prohibit a stealing offense from being enhanced to a felony when the enhancement is premised on the stolen property being valued at more than $500.

While the State is correct that the appellant in *Bazell* and Appellant in the present case had their stealing offenses enhanced under different subsections of § 570.030.3, we conclude that the *Bazell* decision bars all § 570.030.3 enhancements from being applied to a stealing offense charged under § 570.030. The clear language of *Bazell*, as well as recent decisions in the Southern and Western District Appellate Courts, support our determination. In *State v. Metternich*, the Western District was also presented with the question of whether a defendant charged with stealing over $500 could have his offense enhanced to a felony. 2016 WL 7439121, at *2 (Mo. App. W.D. Dec. 27, 2016). The Court determined that "a stealing offense charged under section 570.030 may not be enhanced to a felony under the terms of subsection 570.030.3, and any such felony conviction must be reversed and the case remanded." *Id*. *See also State v. McMillian,* 2016 WL 6081923, at *2 (Mo. App. W.D. Oct. 18, 2016) ("*Bazell* made no distinction between the various ways the enhancement provision could be triggered"). The Southern District reached a similar conclusion in *State v. Filbeck,* noting that *Bazell* did not distinguish between the different § 570.030.3 triggers. 2016 WL 6804412, at *1 (Mo. App. S.D. Nov. 17, 2016) (citing *McMillian* 2016 WL 6081923, at *2).

The value of the property stolen is not an element of stealing as set forth in § 570.030.1. Accordingly, the trial court was without power to enter judgment against Appellant for felony stealing, and therefore it plainly erred when it did so. Appellant's Point I is granted.

*Point II*

In Appellant's second point, he argues that the trial court erred in overruling his motion for judgment of acquittal at the close of evidence. Appellant argues that the evidence at trial did not prove beyond a reasonable doubt that he stole the television, Play Station 3, and DVDs, since there was no evidence presented that he ever possessed them. Appellant asserts that because the State submitted, in its verdict director to the jury, that Appellant stole those items, it was required to prove that Appellant stole each item. The State contends that it was not required to prove that Appellant stole every individual item listed in the verdict director. Instead, the State argues, when reviewing whether there was sufficient evidence to convict Appellant, this Court only considers whether any rational trier of fact could have found, beyond a reasonable doubt, the essential elements necessary to convict Appellant of stealing.

**Standard of Review**

In reviewing a challenge to the sufficiency of the evidence, this Court "accepts as true all evidence and its reasonable inferences in a light most favorable to the verdict and rejects all contrary evidence and inferences." *State v. Botts,* 151 S.W.3d 372, 375 (Mo. App. W.D. 2004). Our review is "not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *Williams v. State*, 386 S.W.3d 750, 754 (Mo. banc 2012). Furthermore, this Court "does not act as a super juror with veto powers but gives great deference to the trier of fact. *Id.* (internal quotation marks omitted).

**Analysis**

Appellant does not cite to any case law that supports his argument that the State was required to prove that Appellant stole each individual item listed on the verdict director, and we have found no case law that supports his position. Instead, in reviewing whether the jury could have convicted Appellant of stealing, we need only determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* After reviewing the evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence presented on each of the essential elements necessary to convict Appellant of stealing.

As already discussed, a person commits the crime of stealing if he or she, without consent, "appropriates property or services of another with the purpose to deprive him or her thereof." Section 570.030.1. Furthermore, "[a]n inference of guilt is permissible, as to both burglary and stealing, from the unexplained possession of property recently stolen in a burglary." *State v. Capraro*, 291 S.W.3d 364, 366 (Mo. App. S.D. 2009). The word "unexplained," in this context, does not mean that defendant did not offer an explanation for his possession of the stolen property. Rather, if the jury disbelieves the defendant's explanation, then his possession is considered unexplained, and it is permissible for the jury to draw an inference of guilt. *Id.* at n.7 (quoting *State v. Clark,* 438 S.W.2d 277, 279 (Mo.1969)).

In the present case, evidence was presented at trial that police officers observed Appellant walking down the street holding the same wicker basket that was recently stolen from Victim's home, filled with various consumer electronics that were also recently stolen. Furthermore, Victim's Kindle was found hidden in Appellant's basement, and Victim's stolen iPhone was tracked to Appellant's home. Because the iPhone was tracked to the Appellant's home before

7

the police saw him walking towards his home with the Victim's wicker basket, the jury could infer that Appellant took more than one trip between Victim's home and his home with the stolen items. Although Appellant claimed that he got the basket and stolen property out of a dumpster, the jury was free to disbelieve his explanation, which it did. *State v. Stiegler*, 129 S.W.3d 1, 4 (Mo. App. S.D. 2003) ("The jury was free to disbelieve Appellant's testimony, as well as that of the other witnesses, and accept as true the evidence of the State"). Therefore, it was permissible for the jury to draw an inference of guilt from Appellant's unexplained possession of property recently stolen from Victim's home. *Capraro,* 219 S.W.3d at 366.

Sufficient evidence was presented to the jury to convict Appellant of stealing pursuant to § 570.030.1. We affirm the trial court's denial of Appellant's motion for judgment of acquittal. Appellant's Point II is denied.

### Conclusion

The trial court's judgment is affirmed in part, and reversed in part. We remand the case to the trial court for further proceedings consistent with this opinion.

_____
Philip M. Hess, Chief Judge

Lawrence E. Mooney, J. and
Kurt S. Odenwald, J. concur.