Rollan WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 92250.

Supreme Court of Missouri,
En Banc.

Oct. 16, 2012.

Loyce Hamilton, Alexandra Johnson, Public Defender's Office, St. Louis, for Williams.

Timothy A. Blackwell, Attorney General's Office, Jefferson City, for the State.

ZEL M. FISCHER, Judge.

Rollan Williams appeals from the circuit court's judgment overruling his Rule 29.15 motion without an evidentiary hearing. Williams argues the circuit court erred in overruling his motion without an evidentiary hearing because his trial counsel was

ineffective for not calling a witness to testify and because his appellate counsel was ineffective in failing to raise a meritorious issue on appeal. Because the testimony of the witness did not negate an element of the crime and would not produce a viable defense and because Williams cannot demonstrate a reasonable probability that the outcome would have been different had his appellate counsel raised the sufficiency of the evidence claim on appeal, the circuit court's judgment is affirmed.

## Facts

Williams and D.W. were married more than 10 years, but had separated. Williams came to D.W.'s house to retrieve some of his belongings. Williams and D.W. began arguing in the kitchen. At some point during the argument, Williams pulled a gun and held it to D.W.'s head. D.W.'s two adult sons, B.Z. and T.R., heard the argument and came into the kitchen. T.R. held a baseball bat. Williams pointed the gun at T.R. B.Z. asked what it would take for Williams not to kill D.W. Williams demanded $100. Williams left after stating that he was going to kill them all.

Williams was found guilty by a jury of robbery in the first degree, § 569.020 [1] armed criminal action, § 571.015, and unlawful use of a weapon, § 571.030. Williams was sentenced to 30 years' imprisonment by the circuit court. The appellate court affirmed his conviction. Williams timely filed this Rule 29.15 motion, alleging his trial counsel failed to call Ernest Basic to testify at trial and alleging his appellate counsel failed to raise an insufficiency of evidence claim regarding the weapons charge. This Court granted transfer after opinion by the court of appeals and, therefore, has jurisdiction under article V, section 10, of the Missouri Constitution.

## Standard of Review

This Court reviews a motion court's findings and conclusions on a Rule 29.15 motion for the limited purpose of determining whether they were clearly erroneous. *Johnson v. State*, 333 S.W.3d 459, 463 (Mo. banc 2011); Rule 29.15(k). To overrule the judgment of a motion court on a Rule 29.15 motion, this Court must be left with a definite and firm impression that the motion court made a mistake. *Baumruk v. State*, 364 S.W.3d 518, 524 (Mo. banc 2012).

"A motion court clearly erred in overruling a Rule 29.15 motion's request for an evidentiary hearing only if movant can show 1) that his motion alleged facts, not conclusions, warranting relief; 2) the facts alleged were not conclusively refuted by the files and records in the case; and 3) the matters complained of . . . resulted in prejudice to the movant." *Id.* at 525 (internal quotations and citations omitted).

"In order to prove that his counsel was ineffective, a movant must show that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that movant was thereby prejudiced." *Johnson*, 333 S.W.3d at 463 (Mo. banc 2011) (internal quotations and citations omitted); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To demonstrate prejudice, a movant must show that, but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different." *Johnson*, 333 S.W.3d at 463. "This Court presumes that counsel acted professionally in making decisions and that any challenged action was part of counsel's sound trial strategy." *Id.*

---

1. All statutory references are to RSMo 2000, unless stated otherwise.

## FAILURE TO CALL BASIC AS A WITNESS

■ Williams argues that his trial counsel was ineffective for failing to call Ernest Basic to testify. Williams stated that Basic was willing and available to testify at trial and argues that Basic's testimony would have provided Williams a viable alibi defense because it would have impeached the credibility of one of the State's witnesses.

■ "To prevail on a claim of ineffective assistance of counsel for failure to call a witness, the following must be shown: 1) [t]rial counsel knew or should have known of the existence of the witness; 2) the witness could be located through reasonable investigation; 3) the witness would testify; and 4) the witness's testimony would have produced a viable defense." *Worthington v. State*, 166 S.W.3d 566, 577 (Mo. banc 2005). "Counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise." *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo. banc 2004).

■ Williams asserts that Basic was ready, willing, and able to testify at trial regarding a prior arrest and an alleged conviction of a witness for the State. Generally, a witness cannot be impeached by an arrest, investigation, or criminal charge that has not resulted in a conviction. *State v. Simmons*, 944 S.W.2d 165, 179–80 (Mo. banc 1997). However, a party may use such evidence to demonstrate: "(1) a specific interest of the witness; (2) the witness's motivation to testify favorably for the state; or (3) that the witness testified with an expectation of leniency." *Id.* (internal citation omitted). Here, Williams does not allege that any exception applies to the impeachment testimony he argues Basic would have provided, nor would it have negated an element of the crime or provided Williams with a viable defense.

## FAILURE TO APPEAL SUFFICIENCY OF EVIDENCE

Williams argues his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting Williams' unlawful use of a weapon conviction. Williams argues the State failed to prove the firearm he used was capable of lethal use and that this claim had a reasonable probability of success on appeal.

■ "To prevail on a claim of ineffective assistance of appellate counsel, the [m]ovant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Taylor v. State*, 262 S.W.3d 231, 253 (Mo. banc 2008) (internal citation omitted). To be entitled to relief, a movant must demonstrate "that there is a reasonable probability the appeal's outcome would have been different." *Zink v. State*, 278 S.W.3d 170, 192 (Mo. banc 2009) (internal citation omitted).

Williams argues the State failed to provide sufficient evidence to support his unlawful use of a weapon conviction because the gun was never recovered. Section 571.030.1(4) provides that "[a] person commits the crime of unlawful use of weapons if he or she knowingly . . . [e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner[.]" Specifically, Williams claims the State failed to meet its burden to prove every element of the unlawful use of a weapon charge because it failed to prove the firearm was "readily capable of lethal use."

■ The standard applied is "whether there was sufficient evidence from which a reasonable juror might have found the de-

fendant guilty beyond a reasonable doubt." *State v. Letica,* 356 S.W.3d 157, 166 (Mo. banc 2011). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *State v. Belton,* 153 S.W.3d 307, 309 (Mo. banc 2005). "This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Miller,* 372 S.W.3d 455, 458 (Mo. banc 2012). In reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court "does not act as a' super juror' with veto powers," but "gives great deference to the trier of fact." *Id.*

A review of the statute and of prevailing case law reveals that challenging the sufficiency of the evidence proving that the firearm Williams used to threaten D.W. was "readily capable of lethal use" would not have led to a different outcome on appeal.

Section 571.030.1 sets out 10 acts for which "[a] person commits the crime of unlawful use of a weapon if he or she [acts] knowingly[.]" Williams was convicted of the unlawful use of a weapon under subdivision 4 of that section. Subdivision 4 proscribes a person knowingly "[e]xhibiting, in the presence of one or more persons, any weapon capable of lethal use in an angry or threatening manner[.]" Section 571.030.1(4). Subdivision 1 of that section proscribes carrying "concealed upon or about his or her person a knife, a firearm, a blackjack *or any other weapon readily capable of lethal use[.]"* Section 571.030.1(1) (emphasis added). Subdivision 5 reads, in pertinent part, "[h]as a firearm *or projectile weapon readily capable of lethal use...."* Section 571.030.1(5) (emphasis added). Subdivision 8 of that section reads, in pertinent part, "[c]arries a firearm *or any other weapon readily capable of lethal use...."* Section 571.030.1(8) (emphasis added). Subdivision 10 of that section reads, in pertinent part, "[c]arries a firearm, whether loaded or unloaded, *or any other weapon readily capable of lethal use...."* Section 571.030.1(10) (emphasis added).

"[W]hen the same or similar words are used in different places within the same legislative act and relate to the same or similar subject matter, then the statutes are *in pari materia* and should be construed to achieve a harmonious interpretation of the statutes." *State v. Knapp,* 843 S.W.2d 345, 347 (Mo. banc 1992) (internal citation omitted). The language of § 571.030.1 in this statutory scheme presumes that a firearm is a "weapon readily capable of lethal use" without requiring it also be proven at trial that it was functional or loaded.[2] Subdivisions 1, 4, 5, 8, and 10 of section 571.030.1 all use the term "weapon readily capable of lethal use." Of those subdivisions, subdivisions 1, 5, 8, and 10 all use the language, "a firearm *or ...* weapon readily capable of lethal use[.]" The motion court quoted subdivision 1 and stated "[t]his language suggests that a knife, firearm, or blackjack is necessarily

---

2. In a case decided contemporaneously with this one, *State v. Wright,* 382 S.W.3d 902 (Mo. banc 2012), this Court determined that § 571.030.1(1) does not require the state to prove a firearm is "functional" to be convicted under this statute. Op. at 904. This Court further explained the circumstances under which the State *would* be required to prove a

firearm's "functionality." Op. at 904–05. Williams' sole allegation is that his appellate counsel should have argued the State did not introduce evidence sufficient to prove the firearm he used was "readily capable of lethal use" and does not allege that his trial counsel was ineffective for failing to raise a special negative defense.

'a weapon readily capable of lethal use,' " and continued to find the State does not "have to prove the gun was loaded." Further, the prevailing case law demonstrates that an appeal of the sufficiency of the evidence in Williams' case would not have succeeded.[3]

Although the gun was not found, the testimony was that Williams knowingly exhibited a firearm "in an angry or threatening manner." The testimony was that he threatened the victims with the use of a firearm. He pointed the firearm at D.W.'s head and at her son, T.R. He threatened to kill them. Given the facts of this case, there was sufficient evidence to submit the case to the jury that Williams' use of the firearm constituted the charge of unlawful use of a weapon. No challenge to the sufficiency of the evidence would have been successful if pursued on appeal. A defendant may not escape conviction under § 571.030.1 merely by ensuring the weapon is discarded or destroyed. Therefore, appellate counsel was not ineffective, and the motion court's findings and conclusions were not clearly erroneous.

### Conclusion

Williams has not demonstrated his trial counsel was ineffective for failing to call a witness or that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal. The motion court's judgment is affirmed.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE and STITH, JJ., concur.

DRAPER, J., not participating.

3. *State v. Wright*, 382 S.W.3d 902 (Mo. banc 2012). *Cf. State v. Richardson*, 886 S.W.2d 175, 176 (Mo.App.1994); *State v. Geary*, 884 S.W.2d 41, 44–45 (Mo.App.1994); *State v. Lutjen*, 661 S.W.2d 845, 846 (Mo.App.1983).