

# In the Missouri Court of Appeals
## Western District

MICHAEL W. SCHLAX,                    )
                    Appellant,        )
                                      )
v.                                    )          WD75874
                                      )          FILED: February 4, 2014
STATE OF MISSOURI,                    )
                    Respondent.       )

## APPEAL FROM THE CIRCUIT COURT OF PLATTE COUNTY
### THE HONORABLE JAMES W. VAN AMBURG, JUDGE

### BEFORE DIVISION TWO: GARY D. WITT, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND ALOK AHUJA, JUDGES

Michael Schlax appeals the judgment denying his Rule 29.15 motion, after he was convicted of leaving the scene of a motor vehicle accident. Schlax contends the motion court clearly erred in denying post-conviction relief because his appellate counsel was ineffective in failing to raise a sufficiency of the evidence claim on appeal. For reasons explained herein, we find no error and affirm the motion court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

During the evening rush hour on September 26, 2007, a deputy sheriff from Wyandotte County, Kansas began pursuing a pickup truck, driven by Schlax, in Kansas City, Kansas. Schlax drove to the Fairfax Bridge. As he crossed the bridge into Platte County, Missouri, he started driving north in the southbound lanes of traffic on Interstate 635. Because Schlax was traveling the wrong way on the highway during busy rush

hour traffic, the deputy sheriff decided that it was too dangerous to keep chasing Schlax, so he terminated his pursuit.

Meanwhile, Euriel Viveros had just exited southbound onto Interstate 635 when he noticed that the traffic was clearing in front of him, and he heard tires squealing and car horns honking. Viveros then saw Schlax's truck driving the wrong way on the highway, heading toward him. Viveros, who was traveling at fifty-five miles per hour, had no time to react. Schlax's truck hit Viveros's car head-on. The collision caused very heavy front-end damage to Viveros's car, including major damage to the front windshield and both front quarter panels.[1] The collision also caused the driver's side airbag to deploy in Viveros's car.

When the airbag deployed, Viveros blacked out for about five seconds. Viveros came to and saw smoke coming from his car, so he immediately exited the car by opening the passenger's side door and jumping out. After he got out of the car, he walked around to the trunk to try to find a safe spot. Viveros saw Schlax jump out of the driver's side of the truck and walk toward him. Viveros thought that Schlax was coming to help him, but Schlax jumped over a fence and started running through a field. Shaken by the accident, Viveros sat down on the pavement and waited for the ambulance to arrive. When the ambulance arrived, the paramedics examined Viveros. Viveros suffered injuries to his right shoulder and right knee.

Manuel Garcia, who was ahead of Viveros on Interstate 635 South and was almost hit by Schlax, heard the collision and stopped his car. Garcia ran over to the accident scene, saw that Viveros's car was totally damaged in front, and checked on Viveros to make sure that he was okay and to help him. When Garcia saw Schlax take

---

[1] The car was totaled as a result of the collision.

off running, he and one of his passengers began chasing Schlax. Garcia and his passenger pursued Schlax through the field but stopped after Schlax crossed some railroad tracks. Law enforcement officers also pursued Schlax through the field but were unable to catch him.

Later that evening, officers apprehended Schlax in a wooded area near the accident scene. When officers arrested and searched Schlax, they found a checkbook that belonged to someone named Ricky Howell. Schlax told the officers that he was Ricky Howell. The next day, Viveros identified Schlax from a photographic line-up as the driver of the truck that hit him.

The State charged Schlax as a prior and persistent felony offender with leaving the scene of a motor vehicle accident, first-degree property damage, resisting a lawful stop, careless and imprudent driving, and third-degree assault. In the subsequent jury trial, Schlax did not testify and did not present any evidence. During closing argument, Schlax's defense counsel argued that Schlax was mistakenly identified as the driver of the truck. Defense counsel also argued that the State failed to prove that Schlax knew that Viveros was injured in the accident, which is an element of the crime of leaving the scene of a motor vehicle accident.

The jury found Schlax guilty on all counts. The court sentenced him to seven years of imprisonment on each of the counts of leaving the scene of a motor vehicle accident and first-degree property damage, and to one year in jail on each of the remaining counts. The court ordered the seven-year sentences to run consecutively to each other and the one-year sentences to run concurrently to each other and consecutively to the rest of the sentences, for a total of fifteen years. Schlax filed a direct appeal, in which he alleged that the court had abused its discretion in denying his

3

motion for a mistrial after a witness volunteered that the pickup truck he was driving was stolen. This court affirmed Schlax's convictions and sentences in a memorandum and per curiam order. *State v. Schlax*, 342 S.W.3d 901 (Mo. App. 2011).

Schlax filed a *pro se* Rule 29.15 motion for post-conviction relief, which was later amended by appointed counsel. In his amended motion, Schlax alleged that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support his conviction for leaving the scene of a motor vehicle accident. He claimed that the State did not prove that he left the scene knowing that personal injury had resulted from the accident.

The court held an evidentiary hearing on Schlax's motion. Schlax's appellate counsel testified that, in determining which issues to raise on appeal, she had a "vague recollection" of reviewing the sufficiency of the evidence on this count, but she did not specifically recall examining or researching the element that Schlax knew that a physical injury had occurred. She further testified that a sufficiency of the evidence claim with respect to the leaving the scene of the accident charge would not have undermined or been detrimental to the claim that she did raise.

Following the hearing, the court denied Schlax's motion. Schlax appeals.

### STANDARD OF REVIEW

We review the denial of a post-conviction relief motion for clear error. *Williams v. State*, 386 S.W.3d 750, 752 (Mo. banc 2012). We presume the motion court's findings of fact and conclusions of law are correct. *Edwards v. State*, 200 S.W.3d 500, 509 (Mo. banc 2006). We will not disturb the motion court's judgment unless, after a full review of the record, we are "left with a definite and firm impression that the motion court made a mistake." *Williams*, 386 S.W.3d at 752.

4

In his sole point on appeal, Schlax contends his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his conviction for leaving the scene of a motor vehicle accident. Schlax argues the State failed to prove that he knew that anyone had been injured in the accident.

For an ineffective assistance of appellate counsel claim to succeed, the movant "must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Id.* at 753 (internal quotation marks and citation omitted). The movant is entitled to relief only if he can demonstrate "a reasonable probability the appeal's outcome would have been different." *Id.* (internal quotation marks and citation omitted).

Appellate review of a challenge to the sufficiency of the evidence is limited to determining "'whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.'" *Id.* at 753-54 (citation omitted). In making this determination, "'[t]he evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict.'" *Id.* at 754 (citation omitted). We do not decide whether *we* believe that the evidence at trial established guilt beyond a reasonable doubt; instead, we are to decide whether, based upon the evidence favorable to the State, "'any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (citation omitted).

Section 577.060.1[2] defines the crime of leaving the scene of an accident:

---

[2] All statutory references are to the Revised Statutes of Missouri 2000.

5

A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway or on any publicly or privately owned parking lot or parking facility generally open for use by the public and *knowing that an injury has been caused to a person or damage has been caused to property, due to his culpability or to accident*, he leaves the place of the injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and driver's license number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer.

(Emphasis added.) Pursuant to this statute, the State must show that the defendant left the accident scene knowing that his culpability or accident caused either personal injury or property damage. In the verdict director, the State asked the jury to find that Schlax left the scene knowing that he had caused physical injury to another person.[3]

In *State v. Dougherty*, 216 S.W.2d 467, 472 (Mo. 1949), the Supreme Court interpreted the term "knowing" in the predecessor statute to Section 577.060 as meaning "actual knowledge rather than mere constructive knowledge, or such notice as would put one on inquiry, and more than mere negligence in failing to know, or the mere presence of facts which might have induced the belief in the mind of a reasonable person."

Almost thirty years after *Dougherty* was decided, the legislature enacted Section 562.016, which specifically defines the culpable mental states for criminal liability. The definition of "knowing" in Section 562.016.3(1) provides, in pertinent part, that "[a] person 'acts knowingly', or with knowledge . . . [w]ith respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist." As in *Dougherty*, the statutory definition of "knowing" requires actual knowledge. Applied to Section 577.060.1, Section 562.016.3(1) requires the

---

[3] The record does not explain the State's decision to submit the charge based on personal injury rather than (or in addition to) property damage, as permitted by Section 577.060.1.

6

State to prove that the defendant was aware that the accident caused personal injury, which is an attendant circumstance to the crime of leaving the scene of a motor vehicle accident.

Knowledge, like intent, "'is rarely susceptible to direct proof.'" *State v. Allen*, 800 S.W.2d 82, 85 (Mo. App. 1990) (citation omitted). Hence, knowledge "'may be proved by indirect evidence and inferences reasonably drawn from circumstances surrounding the incident.'" *Id.* (citation omitted).

The circumstances surrounding the incident in this case were that Schlax was driving his truck the wrong way on an interstate highway during busy rush hour traffic. He was fleeing from the police at the time, so the jury could reasonably infer that he was not driving slowly. While traveling the wrong way on the highway at a presumably higher rate of speed, Schlax drove his truck head-on into Viveros's car, which was traveling at fifty-five miles per hour. The collision totaled Viveros's car, as it caused very heavy damage to the car's front end and windshield. Smoke was emanating from the car after the collision. The collision also caused the driver's side airbag to deploy, which rendered Viveros unconscious for several seconds. A reasonable inference from Viveros's exiting the car through the passenger door was that he did so because the driver's side door was too damaged to open. Schlax could see that his hitting Viveros's car head-on had caused extensive damage to the car, as he got out of his truck and walked toward Viveros's car before fleeing. Viveros thought that Schlax was coming to assist him. Another driver on the road, Garcia, stopped his car after hearing the collision, saw the severity of the damage to Viveros's car, and offered to help Viveros.

Schlax argues that these circumstances demonstrate only his knowledge that he had caused property damage to Viveros's car and not his knowledge that he had

7

caused personal injury to Viveros. He relies on *State v. Palmer*, 822 S.W.2d 536 (Mo. App. 1992), to support his argument. In *Palmer*, the defendant failed to stop after he sideswiped the driver's side of the victim's car, damaging the car and injuring the victim and her passenger. *Id.* 537-38. After he was found guilty of leaving the scene of an accident, knowing that personal injury had resulted from it, he appealed. *Id.* at 537. On appeal, the Southern District of this court noted that "[t]he transcript contains no testimony of any witness regarding knowledge by defendant about any injuries sustained by [the victim and her passenger]." *Id.* at 541. Instead, the State had argued that the "defendant knew 'by the force of the accident that somebody had been injured.'" *Id.* The court held that, while evidence of the force of the accident would have likely supported a finding that the defendant knew that he had damaged the victim's car, it was insufficient to establish that the defendant knew that anyone was injured as a result of the accident. *Id.*

*Palmer* is factually distinguishable from this case. The evidence in *Palmer* established that, after hitting the victim's car, the defendant drove on for fifty to seventy-five feet before stopping momentarily, looking in his rearview mirror, and driving away. *Id.* at 538-39. There was no evidence that the defendant ever saw the extent of the damage to the victim's car. In contrast, the record in this case shows that Schlax was fully aware that he had caused extensive damage to Viveros's car. After the accident, Schlax got out of his truck and began walking toward Viveros's car before he fled. The heavy damage to the front end of the car, the deployed driver's side air bag, and the smoke emanating from the car were visible to him. Moreover, the concurring opinion in *Palmer* noted that "the record does not demonstrate the impact was severe enough to support an inference that defendant would have had to realize an occupant of the

8

[victim's] vehicle could not escape injury." *Id.* at 541 (Crow, J., concurring). Here, however, the impact of Schlax's slamming his truck head-on into Viveros's car while both vehicles were traveling at a higher rate of speed was severe enough to support an inference that Schlax must have realized that Viveros could not escape injury. Indeed, the force of the impact prompted another driver on the road, Garcia, to stop and, after seeing the severity of the damage to Viveros's car, to check on Viveros's condition. Viveros was also examined by paramedics at the scene. Unlike in *Palmer*, the circumstances in this case were sufficient to support an inference that Schlax was aware that the accident had caused personal injury to Viveros.

Any challenge to the sufficiency of the evidence to support Schlax's conviction for leaving the scene of a motor vehicle accident would not have led to a different outcome on appeal. Therefore, his appellate counsel was not ineffective for failing to raise such a claim, and the motion court's findings and conclusions are not clearly erroneous.

### CONCLUSION

We affirm the motion court's judgment.

_____

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

9