SUPREME COURT OF MISSOURI
 en banc

RONALD MCLEMORE, ) Opinion issued December 21, 2021
 )
 Appellant, )
 )
v. ) No. SC98987
 )
STATE OF MISSOURI, )
 )
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY
 The Honorable Eric D. Eighmy, Judge

 Ronald McLemore appeals from the circuit court’s judgment overruling his Rule

29.15 motion for postconviction relief without an evidentiary hearing. Mr. McLemore

failed to show on appeal that the circuit court clearly erred in overruling his Rule 29.15

motion without an evidentiary hearing. While the record does not refute his claims that

trial counsel’s failure to object to statistics not in evidence, elicitation of unfavorable

testimony, and presentation of a deficient opening statement were not reasonably

competent, trial counsel’s actions did not prejudice Mr. McLemore, and the record refutes

his claim that trial counsel failed to present a coherent theory of defense in closing

argument. The circuit court, therefore, did not clearly err in determining Mr. McLemore
failed to plead facts not refuted by the record that, if true, resulted in prejudice entitling

him to an evidentiary hearing. The judgment is affirmed.

 Factual and Procedural Background

 In 2016, the state charged Mr. McLemore with six felony sexual offenses: count I,

enticement of Victim 1, a child younger than 14; count II, sexual misconduct by exposing

his genitals to Victim 1, a child younger than 15; count III, enticement of Victim 2, a child

younger than 14; count IV, sexual misconduct by exposing his genitals to Victim 2, a child

younger than 15; count V, attempted sodomy in the first degree by trying to make Victim

1 touch his penis; and count VI, attempted sodomy in the first degree by trying to make

Victim 2 touch his penis.

 At trial, Mr. McLemore’s counsel reserved his opening statement until after the

close of the state’s case-in-chief. During the defense’s case, trial counsel called the

victims’ mother, grandmother, and great-grandmother and elicited testimony from the

grandmother and great-grandmother that Victim 1 did not have a reputation for

truthfulness. The victims’ mother, however, testified Victim 1 did have a reputation for

truthfulness.

 During the state’s closing argument, the prosecutor referred to statistics that one in

four girls and one in six boys are sexually molested as children; roughly 90 percent of

offenders are male acquaintances; and only 3 to 5 percent of perpetrators are prosecuted or

convicted. These statistics were not in evidence, but trial counsel did not object to the

reference. Instead, trial counsel responded during closing argument that, although the state

was right as to the statistics, the jury was obligated to decide the case on its facts.

 2
 The jury found Mr. McLemore guilty of Counts I, II, IV, and V but acquitted him

of Counts III and VI. Mr. McLemore waived jury sentencing, and the circuit court

sentenced him to 10 years’ imprisonment for Count I and Count V, to be served

consecutively, and four years’ imprisonment for Count II and Count IV, to be served

concurrently.

 In 2018, the office of chief disciplinary counsel filed an information against

Mr. McLemore’s trial counsel that included allegations trial counsel “failed to present

evidence on Mr. McLemore’s behalf” and “purposely let the prosecutor put it all out there

so when it came to retrial, [Mr.] McLemore would have a better defense.” The information

also alleged trial counsel failed to file Mr. McLemore’s direct appeal, and Mr. McLemore

was unable to contact him for three months after sentencing. Trial counsel never filed a

response to the information, so its allegations were deemed admitted, and he was disbarred

in 2019.

 Represented by new counsel, Mr. McLemore appealed, and the court of appeals

affirmed the convictions. See State v. McLemore, 574 S.W.3d 342, 346 (Mo. App. 2019).

Mr. McLemore then filed a Rule 29.15 motion to vacate, set aside, or correct the judgment,

alleging trial counsel was ineffective for: (1) failing to object to the prosecutor’s use during

closing argument of statistics not in evidence, (2) eliciting testimony from the victims’

mother that Victim 1, who provided most of the evidence against Mr. McLemore, had a

reputation for truthfulness; and (3) failing to present a coherent theory of defense in his

opening statement and closing argument, failing to discuss Victim 1’s reputation for

untruthfulness in his opening statement and closing argument, and arguing in closing that

 3
he had no idea how the victims knew about ejaculation, supporting the state’s theory of the

case. 1

 The circuit court overruled Mr. McLemore’s motion without an evidentiary hearing,

concluding:

 Here, Movant’s claims of ineffective assistance all derive from the trial
 record and can be analyzed without additional evidence. The record shows
 that all of the claims lack merit. In none of these claims did Movant
 demonstrate both incompetence and prejudice. Movant failed to overcome
 the legal presumption that trial counsel behaved reasonably.

Mr. McLemore appealed the circuit court’s judgment, and this Court granted transfer after

an opinion by the court of appeals. Mo. Const. art. V, sec. 10. On appeal, Mr. McLemore

asserts the circuit court erred in overruling his ineffective assistance of counsel claims

without an evidentiary hearing.

 Standard of Review

 Appellate review of the circuit court’s ruling is limited to determining whether the

circuit court’s findings and conclusions are clearly erroneous, Rule 29.15(k), and a

“movant is entitled to an evidentiary hearing only if: (1) [the movant] pleaded facts, not

conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and

(3) the matters complained of resulted in prejudice to the movant,” Booker v. State, 552

S.W.3d 522, 526 (Mo. banc 2018). The facts Mr. McLemore asserts warrant relief are trial

1
 Mr. McLemore raised two other claims in his motion: (1) that the circuit court’s judgment
failed to accurately describe the crime for which the jury found him guilty and (2) that trial
counsel was ineffective for eliciting and failing to object to inadmissible expert testimony.
Mr. McLemore withdrew the first claim prior to the circuit court’s judgment and
abandoned the second claim by failing to raise it on appeal. See Rule 84.13(a).
 4
counsel’s actions allegedly resulting in ineffective assistance of counsel. To state a claim

for ineffective assistance of counsel, the movant must allege facts “demonstrating: (1) that

counsel’s performance did not conform to the degree of skill, care, and diligence of a

reasonably competent attorney, and (2) that counsel’s deficient performance actually

prejudiced the movant.” Id. at 531.

 In determining whether a movant has met his or her burden to show ineffective

assistance of counsel, courts must indulge a strong presumption “that, under the

circumstances, the challenged action might be considered sound trial strategy.” Strickland

v. Washington, 466 U.S. 668, 689 (1984) (internal quotation omitted). And whether

counsel’s performance conformed to the degree of skill, care, and diligence of a reasonably

competent attorney is an “inquiry into the objective reasonableness of counsel’s

performance, not counsel’s subjective state of mind.” Harrington v. Richter, 562 U.S. 86,

110 (2011). Because the inquiry is an objective inquiry into the reasonableness of

counsel’s performance, an evidentiary hearing will not always be necessary to adjudicate

claims of ineffective assistance of counsel. 2

2
 In its opinion handed down prior to transfer, the court of appeals reversed the circuit
court’s judgment and remanded the cause for an evidentiary hearing, holding
Mr. McLemore should be afforded the opportunity to present evidence his trial counsel’s
actions were not the result of strategic choices. Trial counsel’s subjective state of mind is
irrelevant, however, to whether his actions were objectively reasonable. Harrington, 562
U.S. at 110. As long as trial counsel’s actions could be considered sound trial strategy –
as they are presumed to be – then trial counsel’s performance was competent. Strickland,
466 U.S. at 689. In other cases, whether trial counsel’s actions could be considered sound
trial strategy may depend on facts outside the record, such as the extent and fruits of trial
counsel’s pretrial investigation. In such cases, an evidentiary hearing is necessary to
establish such facts because they do not appear in the record. Cf. Rule 29.15(h). But

 5
 Analysis

 In Mr. McLemore’s first claim of error, he asserts the circuit court clearly erred in

overruling his amended motion without an evidentiary hearing because his trial counsel

provided ineffective assistance when he failed to object to the state reciting to the jury

statistics not in evidence about the prevalence of the sexual abuse of children. During

closing argument, the prosecutor stated:

 Most of our population doesn’t understand why an adult would want to do
 that to two little kids. And perhaps that’s part of why it makes these cases
 difficult to prosecute. Part of our brains perhaps don’t [sic] want to accept
 that this happens in our society, but we need to get over that as a society,
 because it’s prevalent. In 2005 the center for disease control released
 findings from a study. And those findings were that one in four girls will be
 sexually molested or sexually abused before they turn 18. One in six boys.
 The Department of Justice tell [sic] us that 90 percent roughly of offenders
 are males who are acquaintances of the child. And that 3 to 5 percent of
 sexual abusers are ever prosecuted or convicted, 3 to 5 percent. People that
 each of us knows has [sic] been a victim of sexual abuse as a child in the
 past. We may not know it, but they’re all around us.

These statements were harmful to Mr. McLemore’s defense because the prosecutor was

using statistics not in evidence to suggest to the jury it was likely Mr. McLemore

committed the offenses with which he was charged.

 Mr. McLemore claims his trial counsel was ineffective for failing to object, but the

circuit court found trial counsel was not because counsel responded with “well-reasoned

argument.” The circuit court was correct that it can be reasonable trial strategy not to object

to improper statements in the state’s closing argument. Tisius v. State, 519 S.W.3d 413,

Mr. McLemore does not allege any such facts that would change the analysis. As a result,
he did not have a right to an evidentiary hearing to decide whether trial counsel’s conduct
was objectively reasonable.
 6
428 (Mo. banc 2017). Trial counsel may decide to forego an objection in favor of later

responding in the defendant’s closing argument to avoid creating the impression that the

defense is concealing evidence from the jury.

 But the record shows trial counsel did not respond to the state’s improperly argued

statistics with “well-reasoned argument.” Trial counsel’s response was as follows:

 The State’s right. This – these sort of things, and these accusations and
 allegations, my goodness, what’s our society gone to or where has it been?
 You know, where’s our morality? I agree. I agree. Those statistics that
 Mr. Merrell was talking about, those are just statistics. This is this case. This
 case is to be decided on the facts as you see them in this case. This fact –
 this case will not join those statistics in – in showing, uh, that there was an
 error of parallax, because I am sure that you are looking straight on now.

It is questionable whether failing to object, agreeing with the accuracy of the statistics, and

then merely reminding the jury to decide the case on the facts conforms to “the degree of

skill, care, and diligence of a reasonably competent attorney.” Booker, 552 S.W.3d at 531.

 Nevertheless, even assuming trial counsel’s response was not reasonably

competent, Mr. McLemore did not suffer sufficient prejudice to warrant reversal of the

judgment denying him relief. “An error by counsel, even if professionally unreasonable,

does not warrant setting aside the judgment of a criminal proceeding if the error had no

effect on the judgment.” Strickland, 466 U.S. at 691. For that reason, a movant must show

“that counsel’s deficient performance actually prejudiced the movant.” Booker, 552

S.W.3d at 531. It is not enough “to show that the errors had some conceivable effect on

the outcome of the proceeding. Virtually every act or omission of counsel would meet that

test, and not every error that conceivably could have influenced the outcome undermines

the reliability of the result of the proceeding.” Strickland, 466 U.S. at 693 (internal citation

 7
omitted). A movant must show there is a probability sufficient to undermine confidence

in the outcome “that, but for counsel’s unprofessional errors, the result of the proceeding

would have been different.” Id. at 694. Because the prosecutor’s reference to the statistics

was isolated and brief and the jury found Mr. McLemore not guilty of two offenses, the

circuit court did not clearly err in finding trial counsel’s failure to object did not result in

prejudice.

 Likewise, the circuit court did not clearly err in overruling Mr. McLemore’s second

claim – that he received ineffective assistance of counsel when his counsel elicited

testimony from the victims’ mother that Victim 1 had a reputation for truthfulness. While

the record confirms trial counsel elicited testimony from the mother that Victim 1 has a

reputation in the community for truthfulness, trial counsel had previously elicited

testimony from the victims’ grandmother and great-grandmother that Victim 1 did not have

a reputation for truthfulness. As the circuit court noted, “Counsel’s quest for reputation

evidence to impeach [Victim 1] was successful with two witnesses and unsuccessful with

one.” The fact two witnesses, both of whom were also Victim 1’s family members, testified

that Victim 1 had a reputation for untruthfulness mitigated the possibility that prejudice

resulted from the mother’s contrary testimony. The circuit court, therefore, did not clearly

err in determining Mr. McLemore failed to show a reasonable probability that, but for trial

counsel’s elicitation of the mother’s testimony, the outcome of the trial would have been

different. See id.

 In his last claim of error, Mr. McLemore asserts the circuit court clearly erred in

overruling his amended motion for postconviction relief without an evidentiary hearing

 8
because his trial counsel provided ineffective assistance when he reserved opening

statement and failed to present a coherent theory of defense in either his opening statement

or closing argument. After the state’s case in chief, trial counsel delivered the following

opening statement:

 It’s good to see you today. Uh, I was think [sic] about this case. I – the
 weather's moving in. I was watching the weather today, Griffey, the weather
 dog. What’s bothered me about this case, I’m going to present testimony
 here today, and I want you to know it’s just kind of make sure that everybody
 is still looking at things in the right way.

 I was a meteorologist at one time. I don’t know if you know about
 the air of parallax. A barometer, when one reads a barometer, the needle is
 in front of a mirror.

 See, when you read your barometer reading, if you are not standing
 right there looking at it just right, your altimeter setting in an airplane is going
 to be off. Because you can be looking at like this, could be like this
 (gesturing).

 All right. So – and so very important, and you’d say [] why – what
 kind of analogy are you trying to draw? This is what I’m talking about.

 To insure [sic] that you are not looking this way or that way, this is
 called to correct and make sure that you are looking at that barometer correct
 to give that airplane the proper altimeter setting, so he may land and not
 crash, you must be looking straight at it. All right.

 How do – how do I relate that to a jury? Well, I relate that to a jury
 in this way: I feel as though that that method, that standard of looking at
 something, all right, I would call it impartiality.

 You could be a little too far to this side, during this stage especially,
 or too far to this side, as you view this evidence. Because I know, and you
 know too, that you haven’t made your mind up about this case. Okay.

 So I’m going to present testimony here today in the defense of Ron
 McLemore and the allegations that have been made against him. What do I
 intend to show? I believe that the evidence will show that Mr. McLemore

 9
 and his paramour, Ms. Cheryl Mick, cohabited together for eight years in
 somewhat peacefully beside – close to in proximity to the grandchildren.

 They were not married. However, Mr. McLemore was in these
 children’s lives, basically since they were either born or as they were growing
 up very much. There was a change, though, in the relationships. Um, and it
 happened when Mr. McLemore was watching the children, I suppose. And
 I don’t know if the change came in, uh, one of the children, or perhaps it was
 Mr. McLemore, perhaps a change in him was after his operation, perhaps he
 did change. He no longer worked. Perhaps he was depressed.

 So, therefore, what I was to show the jury is that these events that
 happened to this family – and I’m saying that all the parties that you have
 seen here today, even though they weren’t married, I would consider them
 family inasmuch as they have been sharing their lives here together – and
 you hear their testimony about how it’s kind of really put a strain on that.

 You are going to hear Mr. McLemore defend himself against the
 accusations in which you have heard in these past two days. And after
 hearing that, then you will be instructed after a closing argument to render a
 verdict. And that’s where we go.

 So at this time I would like to start presenting my evidence. Thank
 you.

 Mr. McLemore claims trial counsel was ineffective due to his failure to provide the

jury with a coherent theory of defense in his opening statement. He avers the jury “was

never given a roadmap on what evidence to look for, or the importance of the evidence as

it was being adduced because counsel did not, at any point in the trial, articulate a coherent

theory of defense.” The circuit court found trial counsel was not ineffective for reserving

opening statement until after the state’s case-in-chief, trial counsel “did present a

competent opening statement,” and the record rebutted the claim that trial counsel failed to

present a coherent theory of defense during closing argument. The circuit court was correct

to find trial counsel was not ineffective merely for reserving opening statement, but the

 10
record does not show “that, under the circumstances, the challenged action might be

considered sound trial strategy.” Id. at 689.

 At best, trial counsel’s opening statement reminded the jury to be impartial, stated

Mr. McLemore would testify in his defense, informed the jury Mr. McLemore had a close

relationship with the children, and suggested Mr. McLemore became depressed after

surgery. Those facts, if true, do not make it any less likely Mr. McLemore committed the

offenses with which he was charged, and the fact he was depressed after surgery could be

found to make it more likely he committed the offenses. Trial counsel’s statement that

there was a change in Mr. McLemore’s relationship with the children when he was

watching the children and trial counsel’s inability to explain the change tended to support

the state’s theory of the case rather than a defense. Additionally, the fact trial counsel had

so little to say on Mr. McLemore’s behalf and in his defense would have been apparent to

the jury and reflected negatively on Mr. McLemore. While a defendant is not required to

present an opening statement, when trial counsel chooses to do so, it should not harm the

defense. The record, therefore, does not clearly refute Mr. McLemore’s claim that trial

counsel’s opening statement was objectively unreasonable.

 Nevertheless, the circuit court correctly found Mr. McLemore did not establish

prejudice entitling him to postconviction relief. In his amended motion, Mr. McLemore

alleges only the conclusion that he “was prejudiced because had counsel articulated his

theory of defense to the jury during the trial there was a reasonable probability of a different

outcome at trial.” Without more, a conclusory allegation is insufficient to establish a claim

of ineffective assistance of counsel. State v. Starks, 856 S.W.2d 334, 336 (Mo. banc 1993).

 11
Furthermore, the fact the jury acquitted Mr. McLemore of two charges shows the deficient

opening statement did not influence the jury to find him guilty regardless of the evidence.

The circuit court, therefore, did not clearly err in finding counsel was not ineffective for an

incoherent opening statement.

 The second ground for Mr. McLemore’s third claim relates to his trial counsel’s

closing argument. He alleges trial counsel provided ineffective assistance of counsel when

he failed to present a coherent theory of defense in closing argument and argued a point

that supported the state’s theory of the case. 3 The circuit court found the record rebutted

the claim because trial counsel made “multiple, reasonable points during closing,”

including:

 (a) The [forensic] interviewer lacked impartiality and had planted the
 descriptions of Movant’s genitalia in the victims’ mind by showing them
 pictures of male anatomy during the interview;
 (b) The forensic interviewer and the State were predisposed to look for a
 “negative” or “the bad” in everything;

3
 In his brief’s final point relied on, Mr. McLemore also alleges his trial counsel provided
ineffective assistance of counsel by “failing to mention to the jury the most important
evidence in Mr. McLemore’s defense in his opening statement and closing argument” –
that Victim 1 had a reputation for untruthfulness. He claims the allegations of professional
misconduct resulting in his trial counsel’s disbarment show his failure to mention important
evidence to the jury in closing argument was an intentional ploy to give Mr. McLemore “a
better defense” on retrial. This claim goes beyond the issue Mr. McLemore raised in his
motion, which was that trial counsel failed to mention evidence to the jury only in his
opening statement. Whether trial counsel was also ineffective for failing to mention
evidence in closing argument is an issue raised for the first time on appeal, and “[i]ssues
raised for the first time on appeal are not preserved for appellate review.” Heifetz v. Apex
Clayton, Inc., 554 S.W.3d 389, 397 n.10 (Mo. banc 2018). The Court also notes the
allegations of professional misconduct were not that trial counsel intentionally failed to
mention important evidence to the jury in closing argument. The allegations were that he
“failed to present evidence on Mr. McLemore’s behalf” and “let the prosecutor put it all
out there” so Mr. McLemore would have “a better defense” on retrial.
 12
 (c) Movant’s lack of questions for the investigator, which the State had
 implied to be evidence of guilt, were in reality due to the facts that Movant
 loved the children and was already aware of their accusations, which the
 family was addressing;
 (d) An increase in false accusations of sexual abuse as children are
 increasingly exposed to pornography on electronic devices, which was an
 alternative explanation for the victims’ knowledge of mature sexual matters;
 (e) An excessive similarity in the victims’ statements, suggestive of
 coordination;
 (f) The defense’s explanation for the victims’ motivation to falsely
 accuse Movant, which was that Movant had scolded them;
 (g) The testimony of the victims’ older sister, who denied witnessing any
 abuse or inappropriate behavior despite having been often present in
 Movant’s home with the victims;
 (h) The victims’ exposure to sexual activity by animals, as an alternative
 source for knowing a penis’s appearance, and their comparison of
 [Mr. McLemore’s] anatomy to a dog’s penis;
 (i) The victims’ failure to ever describe the penis as erect despite
 claiming to have seen ejaculation—as a matter of common sense, Movant’s
 penis would have been erect prior to ejaculation and victims should have
 been able to see that if they had observed this activity in real life; instead they
 had obtained their incomplete sexual education elsewhere;
 (j) The victims may have seen Movant’s flaccid penis while spying on
 him in the bathroom;
 (k) Mere accusations are not evidence;
 (l) Movant’s paramour and her mother, who were both related to the
 victims[,] had stood by Movant;
 (m) A final, renewed call for impartiality, which tied back to counsel’s
 opening statement.

(Internal citations to the transcript omitted). In view of these detailed findings, it was not

clearly erroneous for the circuit court to conclude the record rebutted Mr. McLemore’s

claim that his trial counsel failed to present a coherent theory of defense during closing

argument. Even assuming other “arguments would unquestionably have supported the

defense, it does not follow that counsel was incompetent for failing to include them.”

Yarborough v. Gentry, 540 U.S. 1, 7 (2003).

 13
 The only portion of the record Mr. McLemore cites to demonstrate trial counsel

failed to provide a coherent theory of defense in closing is trial counsel’s following

statement to the jury:

 I had not heard one bit of testimony describing that penis as erect. However,
 there is one fact that would state that that penis should have been erect and
 should have been described as an erect penis in as much as it was said there
 was ejaculation. Uh-oh. That must make it true. How could these children
 know about ejaculation? I don’t know. God, I don’t know. But I guaranty
 [sic] you their grandmothers would like to know.

As the circuit court found, however, this argument emphasized the “victims’ failure to ever

describe the penis as erect despite claiming to have seen ejaculation—as a matter of

common sense, Movant’s penis would have been erect prior to ejaculation and victims

should have been able to see that if they had observed this activity in real life.” Trial

counsel’s argument, therefore, presented a coherent theory of defense – that however the

victims knew about ejaculation it was not because Mr. McLemore engaged in sexual

misconduct with the victims or else they would have described an erect penis. 4

4
 Mr. McLemore recasts this argument on appeal as an ineffective assistance of counsel
claim based on arguing a point that “undercut the evidence he produced suggesting the
children learned about sexual matters from their fascination with sex and animals’
genitalia.” Mr. McLemore did not allege in his motion that trial counsel’s argument
undercut the evidence he produced to explain the victims’ knowledge of sexual matters.
Rather, he included trial counsel’s argument in his motion to demonstrate his failure to
present a coherent theory of defense – that trial counsel, in Mr. McLemore’s words, “ha[d]
no idea how the children would have knowledge of ejaculation.” This Court, therefore,
analyzes the claim as whether trial counsel failed to present a coherent theory of defense,
as it was presented to the circuit court.
 14
 Conclusion

 Trial counsel’s failure to object to statistics not in evidence, elicitation of

unfavorable testimony, and presentation of a deficient opening statement did not give rise

to a reasonable probability that, but for trial counsel’s actions, the result of the proceeding

would have been different. And the record refutes the claim that trial counsel failed to

present a coherent theory of defense in closing argument. The circuit court, therefore, did

not clearly err in denying Mr. McLemore’s postconviction claims without an evidentiary

hearing. The circuit court’s judgment is affirmed.

 ___________________________________
 PATRICIA BRECKENRIDGE, JUDGE

Russell, Ransom and Draper, JJ., concur;
Fischer, J., concurs in separate opinion filed;
Wilson, C.J., and Powell, J., concur in opinion
of Fischer, J.

 15
 SUPREME COURT OF MISSOURI
 en banc
RONALD MCLEMORE, )
 )
 APPELLANT, )
 )
v. ) No. SC98987
 )
STATE OF MISSOURI, )
 )
 RESPONDENT. )

 CONCURRING OPINION

 I agree with the majority opinion's conclusion that the motion court did not clearly

err in overruling Ronald McLemore's Rule 29.15 motion without an evidentiary hearing.

 Standard of Review

 "This Court reviews [McLemore's] claims for the limited purpose of determining

whether the circuit court clearly erred in making its findings of fact and conclusions of

law." Barton v. State, 432 S.W.3d 741, 748 (Mo. banc 2014); Rule 29.15(k).

"A judgment is clearly erroneous when, after reviewing the entire record, the court is left

with the definite and firm impression the motion court made a mistake." Barton, 432

S.W.3d at 748. "This Court presumes the motion court's findings are correct." Id.

 A motion court clearly erred in overruling a Rule 29.15 motion's request for
 an evidentiary hearing only if movant can show 1) that his motion alleged
 facts, not conclusions, warranting relief; 2) the facts alleged were not
 conclusively refuted by the files and records in the case; and 3) the matters
 complained of resulted in prejudice to the movant.

Williams v. State, 386 S.W.3d 750, 752 (Mo. banc 2012) (alterations omitted).

 To be entitled to post-conviction relief for ineffective assistance of counsel, a

movant must show by a preponderance of the evidence that (1) his or her trial counsel

failed to exercise the level of skill and diligence that a reasonably competent counsel

would in a similar situation, and (2) he or she was prejudiced by that failure. Strickland

v. Washington, 466 U.S. 668, 687 (1984). Prejudice occurs when "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694.

 The majority opinion correctly concluded defense counsel's performance did not

prejudice McLemore and the analysis should have ended with that conclusion.

In Strickland, the bedrock ineffective assistance of counsel case, the United States

Supreme Court specifically instructed:

 [T]here is no reason for a court deciding an ineffective assistance claim to
 . . . address both components of the inquiry if the defendant makes an
 insufficient showing on one. In particular, a court need not determine
 whether counsel's performance was deficient before examining the
 prejudice suffered by the defendant as a result of the alleged deficiencies.
 The object of an ineffectiveness claim is not to grade counsel's
 performance. If it is easier to dispose of an ineffectiveness claim on the
 ground of lack of sufficient prejudice, which we expect will often be so,
 that course should be followed. Courts should strive to ensure that
 ineffectiveness claims not become so burdensome to defense counsel that
 the entire criminal justice system suffers as a result.

Id. at 697 (emphasis added). In this case, the motion court found defense counsel's

performance did not prejudice McLemore. The Supreme Court of the United States in

 2
Strickland instructs that is where the analysis should end.

 It can be tempting Monday morning quarterback, meaning in this context to look

back at defense counsel's performance and imagine what could have been done better, but

that is not this Court's role. In this case, the jury acquitted McLemore of two of the six

felony charges. The motion court's findings, that defense counsel was not ineffective, are

presumed correct and this presumption exists because it possesses the great advantage of

having witnessed in-person trial counsel's performance.

 Conclusion

 For these reasons, I concur.

 ___________________________
 Zel M. Fischer, Judge

 3